IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| LARRY L. JONES,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Civil No. 3:15cv195 (MHL) |
| | ) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>    Defendant. | )<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

On September 30, 2011, Larry Jones ("Plaintiff") applied for Social Security Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"), alleging disability from high blood pressure, gout, high cholesterol and a heart condition, with an alleged onset date of May 6, 2007. The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration. Thereafter, an Administrative Law Judge ("ALJ") denied Plaintiff's claims in a written decision and the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g), arguing that the ALJ erred in finding that Plaintiff could return to his past relevant work. (Mem. in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s Mem.")(ECF No. 14) at 19.) This matter now comes before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on the parties' cross-motions for summary judgment, rendering the matter now ripe for review.[1] For the

---

[1] The administrative record in this case remains filed under seal, pursuant to E.D. Va. Loc. R. 5 and 7(C). In accordance with these Rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of

reasons that follow, the Court recommends that Plaintiff's Motion for Summary Judgment or in the Alternative, Motion for Remand (ECF Nos. 12 and 13) be GRANTED, that Defendant's Motion for Summary Judgment (ECF No. 15) be DENIED and that the final decision of the Commissioner be VACATED and REMANDED.

## I. PROCEDURAL HISTORY

On September 30, 2011, Plaintiff filed an application for DIB with an alleged onset date of May 6, 2007. (R. at 197, 352.) The SSA denied these claims initially on February 9, 2012, and again upon reconsideration on May 2, 2012. (R. at 255, 267.) At Plaintiff's written request, the ALJ held a hearing on November 7, 2013. (R. at 209-29, 291.) During the hearing, Plaintiff amended his alleged onset disability date to July 27, 2011. (R. at 212.) On November 22, 2013, the ALJ issued a written opinion, denying Plaintiff's claims and concluding that Plaintiff did not qualify as disabled under the Act, because he could perform past relevant work through his date last insured. (R. at 203-04.) On February 24, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner subject to review by this Court. (R. at 1-5.)

## II. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court "will affirm the Social Security Administration's disability determination 'when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) (quoting *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012)). Substantial evidence requires more than a scintilla but less than a

---

birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments, and will further restrict its discussion of Plaintiff's medical information to only the extent necessary to properly analyze the case.

preponderance, and includes the kind of relevant evidence that a reasonable mind could accept as adequate to support a conclusion. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). To determine whether substantial evidence exists, the Court must examine the record as a whole, but may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472 (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). In considering the decision of the Commissioner based on the record as a whole, the Court must "take into account whatever in the record fairly detracts from its weight." *Breeden v. Weinberger*, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if substantial evidence in the record supports the findings, bind the reviewing court to affirm regardless of whether the court disagrees with such findings. *Hancock*, 667 F.3d at 477. If substantial evidence in the record does not support the ALJ's determination or if the ALJ has made an error of law, the Court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The Social Security Administration regulations set forth a five-step process that the agency employs to determine whether disability exists. 20 C.F.R. § 416.920(a)(4); *see Mascio*, 780 F.3d at 634-35 (summarizing the ALJ's five-step sequential evaluation). To summarize, at step one, the ALJ looks at the claimant's current work activity. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ asks whether the claimant's medical impairments meet the regulations' severity and duration requirements. 20 C.F.R. § 416.920(a)(4)(ii). Step three requires the ALJ to determine whether the medical impairments meet or equal an impairment listed in the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Between steps three and four, the ALJ must assess the claimant's residual functional capacity ("RFC"), accounting for the most that the claimant

3

can do despite his physical and mental limitations. 20 C.F.R. § 416.945(a). At step four, the ALJ assesses whether the claimant can perform his past work given his RFC. 20 C.F.R. § 416.920(a)(4)(iv). Finally, at step five, the ALJ determines whether the claimant can perform any work existing in the national economy. 20 C.F.R. § 416.920(a)(4)(v).

### III.  THE ALJ'S DECISION

On November 7, 2013, the ALJ held a hearing during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. (R. at 209-29.) On November 22, 2013, the ALJ issued a written opinion, finding that Plaintiff did not qualify as disabled under the Act. (R. at 197-204.)

The ALJ followed the five-step evaluation process established by the Act in analyzing Plaintiff's disability claim. (R. at 198-199.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") during the period between his alleged onset date and his date last insured. (R. at 199.) At step two, the ALJ found that Plaintiff had the severe impairments of diabetes, hypertension, gout and obesity. (R. at 199.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart A, Appendix 1. (R. at 199-200.)

In assessing Plaintiff's RFC, the ALJ found that Plaintiff could perform light work with the ability to only occasionally finger with his left non-dominant hand. (R. at 200.) At step four, the ALJ found Plaintiff could perform his past relevant work as a flagger. (R. at 203.) Therefore, Plaintiff did not qualify as disabled under the Act. (R. at 203.)

IV.  ANALYSIS

Plaintiff, sixty-four years old at the time of this Report and Recommendation, previously worked as a flagger and a laborer on construction sites. (R. at 349-53.) He applied for DIB, alleging disability from high blood pressure, gout, high cholesterol and a heart condition with an alleged onset date of May 6, 2007. (R. at 352.) He later amended his alleged onset date to July 27, 2011. (R. at 212.) Plaintiff's appeal to this Court alleges that the ALJ erred in finding that Plaintiff could return to his past relevant work, because the ALJ improperly bifurcated his composite job and found him not disabled due to his ability to perform the least demanding aspect of the job. (Pl.'s Mem. at 19.) Plaintiff also assigns error to the ALJ's RFC assessment, because the ALJ improperly afforded considerable weight to a prior ALJ's decision. (Pl.'s Mem. at 21.) For the reasons set forth below, the ALJ erred in his decision when he determined that Plaintiff could return to his past relevant work, but did not err in his consideration of the prior ALJ's decision.

**A. The ALJ erred in his explanation of Plaintiff's past relevant work.**

Plaintiff argues that the ALJ erred in finding that Plaintiff could perform his past relevant work at step four, because he could not meet the demands of all of the components of his previous job. (Pl.'s Mem. at 19.) He argues that the multiple components qualify his previous job as a composite job, so the ALJ should have considered the demands of all components, not just the lightest one. (Pl.'s Mem. at 19.) Defendant responds that substantial evidence supports the ALJ's decision that Plaintiff could perform his past relevant work. (Def.'s Mot. for Summ. J. and Br. in Supp. Thereof ("Def.'s Mem.") (ECF No. 15) at 8.)

At step four of the sequential analysis, the ALJ must assess the claimant's RFC and past relevant work to determine if the claimant can perform the tasks of his previous employment. 20

5

C.F.R. § 404.1520(a)(4)(iv). This determination applies not only to the claimant's ability to perform his specific previous job, but also to his ability to return to the general work that he performed in the past. SSR 82-61. The regulations refer to the claimant's ability to perform a "kind of work." 20 C.F.R. § 416.920(f). This reference concentrates the inquiry "on the claimant's capacity to perform a type of activity rather than his ability to return to a specific job or to find one exactly like it." *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995). In fact, the ALJ should find the claimant not disabled if he can perform "his past relevant work as he performed it in the past *or* as it is generally required by employers in the national economy." *Id.* at 1207 (citing SSR 82-61) (emphasis in original).

In assessing Plaintiff's ability to perform his past relevant work, the Commissioner may rely on the general job categories of the Dictionary of Occupational Titles ("DOT") as presumptively descriptive of a claimant's prior work. *See* SSR 82-61 ("The [DOT] descriptions can be relied upon—for jobs that are listed in the DOT—to define the job as it is usually performed in the national economy.") Moreover, agency rulings specifically contemplate "that individual jobs may require somewhat more or less exertion than the DOT description." *Id.* Even though the ALJ may rely on the general job categories in the DOT, "the claimant may overcome the presumption that the Secretary's generalization applies by demonstrating that [his] duties were not those envisaged by the framers of the Secretary's category." *DeLoatche v. Heckler*, 715 F.2d 148, 151 (4th Cir. 1983). But, a single DOT categorization may not always apply.

A job that may not fit into a single DOT category constitutes a composite job requiring distinct consideration. A composite job has "significant elements of two or more occupations and, as such, [has] no counterpart in the DOT." SSR 82-61. The SSA's Program Operations

Manual System ("POMS")[2] DI 25005.020B ("Past Relevant Work ("PRW") as the Claimant Performed It") addresses the ALJ's requirement when assessing a possible composite job at step four. According to the POMS, the claimant may have performed a composite job when an accurate description of the main duties of the work includes multiple DOT occupations. POMS DI 25005.020B. When the ALJ determines that the claimant's past work constitutes a composite job, the ALJ must explain why. *Id.* Furthermore, the ALJ should not evaluate the job using the "as generally performed in the national economy" test in the regulations. *Id.* Importantly, the claimant retains the capacity to perform the composite job "only if [he] can perform all parts of the job." *Id.*

Although the Fourth Circuit has not discussed composite jobs and an ALJ's obligations in analyzing them, several district courts have tackled the issue. In *Plumb v. Astrue*, 2012 WL 768058 (D.S.C. March 7, 2012), the VE had testified that the claimant's work broke down into two DOTs, but the ALJ did not discuss whether it qualified as a composite job. 2012 WL 768058, at *6. The court remanded the case for the ALJ to determine whether the job constituted a composite job. *Id.* Similarly, in *Shealy v. Colvin*, 2015 WL 467726 (D.S.C. Feb 4, 2015), the court ordered remand, because the ALJ failed to properly explain why he based his RFC on the least demanding aspect of Plaintiff's prior work. 2015 WL 467726, at *12. On the other hand, in *Miles v. Astrue*, 2009 WL 890651 (D.S.C. March 30, 2009), the court found that substantial evidence supported an ALJ's decision despite the plaintiff's argument that she had a composite

---

[2] POMS is an internal agency document used by the SSA employees to process claims. *Parker for Lamon v. Sullivan*, 891 F.2d 185, 189 n.4 (7th Cir. 1989) (citing *Schweiker v. Hansen*, 450 U.S. 785, 790 (1981). POMS is binding on the ALJs. SSR 13-2p ("We require adjudicators at all levels of administrative review to follow agency policy . . . and other instructions, such as the Program Operations Manual System (POMS) . . . .").

job, because the plaintiff had clearly testified that the lighter DOT constituted the main duty of her past work. 2009 WL 890651, at *11-13.

The ALJ has a duty to clearly explain his decision when finding a claimant disabled at step four. SSR 82-62, at *4. The explanation acts as a "necessary predicate to engaging in substantial evidence review." *Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013). When the reviewing court has no way to evaluate the basis of the ALJ's decision, the court should "remand to the agency for additional investigation or explanation." *Id.* Despite lacking direct instruction on this particular issue from the Fourth Circuit, this Court sees no reason why the ALJ's duty to explain would not extend to his conclusions with respect to a potential composite job.

Here, the ALJ determined that Plaintiff could perform his past work as a flagger given his RFC for light work. (R. at 203.) He cited the DOT's definition of flagger requiring light exertional demands and unskilled in nature. (R. at 203.) The ALJ relied on the VE's testimony that Plaintiff could perform the job of flagger both as generally performed and as performed by Plaintiff. (R. at 203.) He did not mention any other aspect of Plaintiff's past work. (R. at 203.) Therefore, the ALJ's finding at step four lacks the requisite explanation of Plaintiff's past work as a possible composite job.

The ALJ could have considered Plaintiff's past work as a composite job based on Plaintiff's testimony. Plaintiff testified about only one previous job: his job at Keyes Construction that encompassed several duties. (R. at 215-16.) For this job, Plaintiff flagged, did labor work and ran a vehicle called a backdump. (R. at 215.) He performed whatever duties the company asked of him, including running an off-road dump truck, running the packing machine when laying pipes, blowing hay, and picking up stuff. (R. at 216-17.) The VE asked Plaintiff some clarifying questions before offering her own testimony. (R. at 217-18.)

The VE's testimony also provided a basis for the ALJ to consider Plaintiff's past work as a composite job. When asked to classify the claimant's SGA work history over the past fifteen years, consisting of only the job at Keyes, the VE listed both flagger and construction worker two. (R. at 224.) She testified that the flagger rates as light and construction worker two rates as very heavy. (R. at 224.) Then, in response to the ALJ's hypothetical that included Plaintiff's RFC, the VE testified that Plaintiff could perform the position of flagger but not that of construction worker two. (R. at 225.) The VE had only one job to describe, but she did so using two different DOT classifications. (R. at 224-25.)

The ALJ clearly should have considered whether Plaintiff's past work constituted a composite job. He also should have accompanied that consideration with an explanation. If he decided that it constituted a composite job, he erred by picking the least demanding exertional level and comparing it with Plaintiff's RFC. Alternatively, he may have decided it did not constitute a composite job based on Plaintiff's testimony. But again, he offered no explanation for that decision. Finally, he may have relied solely on Plaintiff's Work History Report, wherein Plaintiff reported that he flagged traffic ten hours a day at his previous job.[3] (R. at 360.) But again, he offered no explanation for how he reconciled the inconsistencies between the testimony and the report.

The ALJ left the Court with no ability to meaningfully review his decision with respect to Plaintiff's past work as a composite job. The Court cannot determine whether the work constitutes a composite job, nor will the Court guess as to the basis for the ALJ's determination. *See Pearson v. Colvin*, ___ F.3d ___, 2015 WL 9204335, at *6 (4th Cir. Dec. 17, 2015) (refusing

---

[3] In that same report, Plaintiff also indicated that he used machines, tools and equipment. (R. at 360.) He also indicated that the heaviest weight he lifted on the job was fifty pounds, and he frequently lifted twenty-five pounds. (R. at 360.) These statements do not support the ALJ's decision, because they exceed the exertional demands of light work.

9

to guess as to how the ALJ resolved an apparent conflict between the DOT and the VE's testimony), *Mascio*, 780 F.3d at 637 (refusing to guess as to how the ALJ arrived at the claimant's RFC). Therefore, the Court recommends remanding this case.

## B. The ALJ did not err in adopting the prior ALJ's decision.

Plaintiff argues that the ALJ erred in adopting the prior decision of ALJ Marc Mates, despite a clear showing of a deterioration of Plaintiff's condition. (Pl.'s Mem. at 21.) Defendant responds that the ALJ properly evaluated the prior ALJ's decision in accord with the law. (Def.'s Mem. at 15.)

An ALJ must consider as evidence the findings made in a final decision by an ALJ or the Appeals Council on a prior disability claim. *See Albright v. Comm'r of Soc. Sec.*, 174 F.3d 473, 476 (4th Cir. 1999) (applying the substantial evidence rule rather than preclusion to the review of the weight afforded a prior ALJ's decision); AR 00-1(4). And, the ALJ must give it appropriate weight in the adjudication. AR 00-1(4). In determining the proper weight, the ALJ considers such factors as: (1) the fact's susceptibility to change with the passage of time; (2) the likelihood of such a change; and (3) the extent that evidence not considered in a prior claim provides a basis for making a different finding in the subsequent claim. *Id.*

Here, the ALJ acknowledged that AR 00-1(4) and *Albright* controlled. (R. at 202.) He then explained that he afforded considerable weight to the prior decision of ALJ Mates. (R. at 203.) In that decision, on July 25, 2011, ALJ Mates determined that Plaintiff could perform light work with no more than occasional use of the left non-dominant hand for fine manipulation. (R. at 203, 237.) The present ALJ concurred with and adopted this finding. (R. at 203.) He noted that the record consisted of only one piece of evidence since the prior ALJ's decision—a report

from a consultative examining physician, who determined that Plaintiff could perform light work. (R. at 203.) Substantial evidence supports the ALJ's decision.

The record reflects that Plaintiff's condition did not deteriorate between the prior ALJ decision on July 25, 2011, and the date last insured of December 31, 2011. On November 23, 2011, Plaintiff advised Disability Determination Services that he had not seen a doctor since the prior ALJ's decision. (R. at 494.) He next saw a doctor on January 21, 2012, after his date last insured. (R. at 487-92.) On that date, Victoria Grady, M.D., completed a consultative medical exam of Plaintiff. (R. at 487-492.) She found that Plaintiff had a full range of motion in all systems. (R. at 492.) Plaintiff had no cyanosis, clubbing or edema, but his left hand had a tender to the touch ganglion. (R. at 489.) His lungs showed clear to auscultation with no wheezes, rales or rhonchi. (R. at 489.) He had a normal gait, but could not tandem. (R. at 489.) In her functional assessment, Dr. Grady found that Plaintiff could carry twenty pounds occasionally. (R. at 490.) He could stand, walk, and sit each for six hours in an eight-hour workday. (R. at 490.) Dr. Grady's examination does not suggest deterioration in Plaintiff's health during the relevant time period. Therefore, the report supports the ALJ's decision with respect to the weight afforded the prior ALJ'decision.

Plaintiff's argument about the deterioration of his health fails to take into account the timing of the evidence. Plaintiff must prove a disability prior to the expiration of his insured status. 20 C.F.R. §§ 404.101(a), 404.130; *Johnson*, 434 F.3d at 655-66. While the ALJ may consider evidence created after the date last insured, the evidence must provide a linkage to Plaintiff's condition before the date last insured. *Bird*, 699 F.3d at 341. Evidence "not linked in any manner to the claimant's condition before [his date last insured]" bears no relevance on the determination and the ALJ need not retroactively consider it. *Johnson*, 434 F.3d at 655-66.

11

Here, Plaintiff's evidence created after his date last insured bears no relevance on the determination by either ALJ. Plaintiff points to evidence establishing the deterioration of his condition after the prior ALJ's decision, specifically a stroke that he suffered on March 31, 2014. (Pl.'s Mem. at 22.) However, this deterioration occurred after December 31, 2011, the date of last insured. (Pl.'s Mem. at 22, R. at 349.) This evidence does not affirmatively establish Plaintiff's disability before the date last insured. Nor does it provide any linkage to his condition before his date last insured. Therefore, it cannot detract from the ALJ's decision to afford the prior ALJ's decision considerable weight, and the ALJ did not err in adopting the prior ALJ's decision.

## V. CONCLUSION

For the reasons set forth above, the Court recommends that Plaintiff's Motion for Summary Judgment or in the Alternative, Motion for Remand (ECF Nos. 12 and 13) be GRANTED, that Defendant's Motion for Summary Judgment (ECF No. 15) be DENIED and that the final decision of the Commissioner be VACATED and REMANDED.

Let the clerk forward a copy of this Report and Recommendation to United States District Judge M. Hannah Lauck and to all counsel of record.

### NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure**

shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: February 4, 2016

13